# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UROGEN PHARMA LTD. and UROGEN PHARMA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS, INC. and TEVA PHARMACEUTICALS USA, INC.,<br><br>Defendants. | C.A. No. 24-417-JFM<br>**ANDA CASE** |

# SCHEDULING ORDER

This 29th day of August 2024, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration:

IT IS ORDERED that:

1. <u>Caption Modification</u>. The Caption shall be modified to include the words "ANDA CASE" immediately below the Civil Action Number.

2. <u>Relevant Deadlines and Dates</u>. All relevant deadlines and dates established by this Order are set forth in the chart attached as Exhibit A. The expiration date of the 30-month stay(s) imposed pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) is set forth in the first two row(s) of the chart.

1

3. <u>Initial Disclosures</u>. As set forth in this Court's Order, dated July 24, 2024 (D.I. 19), the parties made their initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on August 15, 2024. The parties shall make their initial disclosures required by Paragraph 3 of the District of Delaware Default Standard on **September 30, 2024**.

4. <u>Production of the ANDA</u>. On July 10, 2024, Defendants produced to Plaintiffs the entire Abbreviated New Drug Application that is the basis of the alleged infringement.

5. <u>Identification of Accused Products and Production of File Histories</u>. No later than **September 30, 2024**, Plaintiffs shall specifically identify the accused products and the asserted patent(s) Defendants allegedly infringe, and produce the file history for each asserted patent.

6. <u>Initial Claim Charts and Infringement Contentions</u>. No later than **October 30, 2024**, Plaintiffs shall produce to Defendants an initial claim chart relating each accused product to the asserted claims each product allegedly infringes, and shall also produce to Defendants the NDA at issue.

7. <u>Initial Invalidity Contentions</u>. No later than **December 4, 2024**, Defendants shall produce to the Plaintiffs their initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents).

8.   <u>Supplementation</u>. Absent agreement among the parties, and approval of the Court: (a) no later than **December 5, 2025**, Plaintiffs must finally supplement the identification of all accused products and serve final infringement contentions; and (b) no later than **December 5, 2025**, Defendants must finally supplement the identification of all invalidity references and serve final invalidity contentions.

9.   <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **September 19, 2025**.

10.   <u>Discovery</u>.

(a)   <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before **November 14, 2025**.

(b)   <u>Document Production</u>. Document production shall be substantially completed on or before **August 15, 2025**.

(c)   <u>Requests for Admission</u>. A maximum of 25 requests for admission is permitted for each side.

(d)   <u>Interrogatories</u>. A maximum of 25 interrogatories, including contention interrogatories, is permitted for each side.

(e)   <u>Depositions</u>.

(1)   <u>Limitation on Hours for Deposition Discovery</u>. Each

3

side is limited to a total of 70 hours of taking testimony by deposition upon oral examination. Each side is limited to a total of 7 hours of taking testimony per witness, for any type of deposition, unless otherwise agreed to by the parties or ordered by the Court. Any deposition lasting less than 5 hours will count as 5 hours against the total time of the side taking the deposition. If a deponent testifies wholly or substantially through an interpreter, the party taking the deposition shall be permitted, on a pro rata basis, 2 hours of deposition time for each hour spent testifying through the interpreter.

(2) <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this District Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this District. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A Defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

11. <u>Pinpoint Citations</u>. Pinpoint citations are required in all briefing, letters, and concise statements of facts. The Court will ignore any assertions of controverted facts and controverted legal principles not supported by a pinpoint citation to, as

applicable: the record, an attachment or exhibit, and/or case law or appropriate legal authority. *See United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

    12.    <u>Application to Court for Protective Order</u>. Counsel will confer and attempt to reach an agreement on a proposed form of protective order specifying terms and conditions for the disclosure of confidential information. A proposed form of order shall be filed with the Court within 28 days from the date of this Order.

    Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that the information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

    13.    <u>Discovery Disputes</u>. The vast majority of discovery disputes should be settled by counsel through diligence, civility, and common sense. The Court expects the parties to have met and conferred in good faith before filing a motion related to a discovery dispute. When ripe for resolution, discovery disputes must be presented by an appropriate motion. The motion must include an appropriate

proposed order setting forth the specific relief requested. Judge Murphy will typically order expedited opposition briefing and a conference.

14. <u>Papers Filed Under Seal</u>. When filing papers under seal, a redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

15. <u>Courtesy Copies</u>. For any dispositive motion or brief (e.g., Civil Rule 12, 50, 56) or responsive brief that includes exhibits, counsel must send (by e-mail or file transfer service) a PDF courtesy copy to chambers (murphy_chambers@paed.uscourts.gov). The PDF copy must:

- Be as-filed, i.e., with the ECF notations at the top of each page;
- include the main documents and all exhibits in one single PDF file;
- use PDF bookmarks for exhibits and for sections in longer documents;
- be text-searchable, including exhibits; and
- have a file name that reflects the case number, docket number(s), and a description.

Do not send paper courtesy copies to chambers unless requested.

16. <u>Claim Construction Issue Identification</u>. On or before **December 13, 2024**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction(s) of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to

exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **January 31, 2025**. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to murphy_chambers@paed.uscourts.gov. The text for the Joint Claim Construction Chart shall be 14-point and in Times New Roman or a similar typeface. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction(s) of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A separate text-searchable PDF of each of the patent(s) in issue shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument. Each party shall file concurrently with the Joint Claim Construction Chart a "Motion for Claim Construction" that requests the Court to adopt the claim construction position(s) of that party set forth in the Joint Claim Construction Chart. The motion shall not contain any argument and shall simply state that the party "requests that the Court adopt the claim construction position[s] of [the party] set forth in the Joint Claim Construction Chart (D.I. [ ])."

17. <u>Claim Construction Briefing</u>. The Plaintiffs shall serve, but not file, their opening brief, not to exceed 5,500 words, on **February 28, 2025**. The Defendants shall serve, but not file, their answering brief, not to exceed 8,250

words, on **March 28, 2025**. The Plaintiffs shall serve, but not file, their reply brief, not to exceed 5,500 words, on **April 25, 2025**. The Defendants shall serve, but not file, their sur-reply brief, not to exceed 2,750 words, on **May 23, 2025**. The text for each brief shall be 14-point and in Times New Roman or a similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

No later than **June 6, 2025**, the parties shall file a Joint Claim Construction Brief. (Should the parties later stipulate or otherwise request to have this deadline extended, the parties will presumptively lose their claim construction hearing date upon the Court's granting the extension.) The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

### JOINT CLAIM CONSTRUCTION BRIEF

    I.    Agreed-upon Constructions

    II.    Disputed Constructions

        A.    [TERM 1]

            1.    Opening Position of Plaintiffs
            2.    Answering Position of Defendants
            3.    Reply Position of Plaintiffs
            4.    Sur-Reply Position of Defendants

    B.  [TERM 2]

      1.  Opening Position of Plaintiffs
      2.  Answering Position of Defendants
      3.  Reply Position of Plaintiffs
      4.  Sur-Reply Position of Defendants

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix. Citations to intrinsic evidence shall be set forth in the Joint Claim Construction Brief. Citations to expert declarations and other extrinsic evidence may be made in the Joint Claim Construction Brief as the parties deem necessary, but the Court will review such extrinsic evidence only if the Court is unable to construe the disputed claim terms based on the intrinsic evidence. *See Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576, 1584 (Fed. Cir. 1996). Declarations shall not contain legal argument or be used to circumvent the briefing word limitations imposed by this paragraph. The Joint Claim Construction Brief and Joint Appendix shall comply with paragraphs 11 and 15 of this Order.

  18. <u>Meet and Confer Confirmation and Amended Claim Chart</u>. On or before **June 20, 2025**, Delaware and lead counsel for the parties shall meet and confer and thereafter file an Amended Joint Claim Construction Chart that sets forth the terms that remain in dispute. During the meet and confer, the parties shall attempt to reach agreement on any disputed terms where possible and to

narrow the issues related to the remaining disputed terms. The parties shall file with the Amended Joint Claim Construction Chart a letter that identifies by name each individual who participated in the meet and confer, when and how (i.e., by telephone or in person) the meet and confer occurred, and how long it lasted. If no agreements on constructions have been reached or if no dispute has been narrowed as a result of the meet and confer, the letter shall so state, and the parties need not file an Amended Joint Claim Construction Chart.

19.     Hearing on Claim Construction. Beginning at **10:00a.m.** on **July 15, 2025**, in **Courtroom 3B**, Third Floor, United States Courthouse, 601 Market Street, Philadelphia, PA, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done by joint letter submission no later than the date on which answering claim construction briefs are due to be served), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

20.     Disclosure of Expert Testimony.

    (a)     Expert Reports. For the party with the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **January 30, 2026**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **March 27, 2026**. Reply expert reports from the party

10

with the initial burden of proof are due on or before **May 8, 2026**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall provide the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **July 10, 2026**.

(b)     Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than **July 24, 2026**.

21.    Case Dispositive Motions. The Court will not entertain summary judgment motions.

22.    *Daubert* Motions. A party that files more than one *Daubert* motion shall number each motion to make clear the order in which the party wishes the Court to consider the motions in question. The first motion the party wishes the Court to consider shall be designated #1, the second motion shall be designated #2, and so on. The Court will review the party's *Daubert* motions in the order designated by the party. If the Court decides to deny a motion filed by the party, barring exceptional reasons determined sua sponte by the Court, the Court will not review any further

*Daubert* motions filed by the party. If the Court denies a *Daubert* motion and the party that brought the motion does not cross examine the expert witness at trial about the matters raised in the *Daubert* motion, the Court will reduce by an appropriate amount the time allotted to that party at trial.

23. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

24. <u>Pretrial Conference</u>. On **September 16, 2026**, at **10:00a.m.** in **Courtroom 3B**, United States Courthouse, 601 Market Street, Philadelphia, PA, the Court will hold a Rule 16(e) final pretrial conference in court with counsel. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on **September 11, 2026**. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order. The joint pretrial order shall comply with paragraphs 11 and 15 of this Order.

25. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. Each *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of

argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving parties, a single one-page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court. Motions *in limine* shall comply with paragraphs 11 and 15 of this Order.

      26.    <u>Compendium of Cases</u>. A party may submit with any briefing two courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus. The parties should not include in the compendium authorities for general principles or uncontested points of law (e.g., the standards for claim construction). An authority that is cited only once by a party generally should not be included in the compendium. An authority already provided to the Court by another party should not be included in the compendium. Compendiums of cases shall not be filed electronically with the Court, but a notice of service of a compendium of cases shall be filed electronically with the Court. Compendiums shall comply with paragraph 15 of this Order.

      27.    <u>Trial</u>. This matter is scheduled for a maximum five-day bench trial beginning at **9:00 a.m.** on **October 5, 2026,** at a location to be discussed, with the subsequent trial days beginning at 9:00 a.m. The trial will be timed, as counsel will be

allocated a total number of hours in which to present their respective cases. The Court will limit the number of claims and prior art references asserted at trial. Absent a showing of good cause, no claim may be asserted at trial that was not identified in the Final Election of Asserted Claims, and no prior art reference may be asserted at trial that was not identified in the Final Election of Asserted Prior Art.

                                        */s/ John F. Murphy*
                                  The Honorable John F. Murphy
                                  United States District Court Judge

## EXHIBIT A

| Event | Deadline |
|---|---|
| Expiration of the 30-Month Stay[1] | August 25, 2026 |
| Expiration of JELMYTO®'s Orphan-Drug Exclusivity (see footnote below) | **April 15, 2027** |
| Rule 26(a)(1) Initial Disclosures | August 15, 2024 (per D.I. 19) |
| Parties Submit Proposed ESI Order | No later than August 29, 2024 (per D.I. 19) |
| Parties Submit Proposed Protective Order | 28 days after entry of Scheduling Order |
| Delaware Default Standard ¶ 3 Disclosures | September 30, 2024 |
| Plaintiffs Identify Accused Products and Produce File Histories | September 30, 2024 |
| Plaintiffs Provide Initial Claim Chart & Infringement Contentions and Produce NDA | October 30, 2024 |
| Defendants Provide Initial Invalidity Contentions | December 4, 2024 |
| Parties Exchange Proposed Claim Terms to be Construed | December 13, 2024 |
| Deadline to Meet and Confer Regarding Claim Construction | December 20, 2024 |

[1] JELMYTO®'s Orphan-Drug Exclusivity (ODE) for the treatment of adult patients with low-grade upper tract urothelial cancer (LG-UTUC) expires on April 15, 2027, well after the expiration of the 30-month stay. Because the FDA will not approve Defendants' ANDA (involving a generic product for the same indication) prior to the ODE expiration date, the deadlines in this proposed scheduling order are based on resolving the case prior to **April 15, 2027**.

| | |
|---|---|
| Joint Claim Chart Filed with Court | January 31, 2025 |
| Plaintiffs' Opening Claim Construction Brief Served | February 28, 2025 |
| Defendants' Answering Claim Construction Brief Served | March 28, 2025 |
| Plaintiffs' Reply Claim Construction Brief Served | April 25, 2025 |
| Defendants' Sur-Reply Claim Construction Brief Served | May 23, 2025 |
| Parties File Joint Claim Construction Brief/Joint Appendix | June 6, 2025 |
| Deadline to Meet and Confer Regarding Amended Joint Claim Construction Chart | June 20, 2025 |
| Amended Joint Claim Construction Chart Filed, If Necessary | June 27, 2025 |
| Claim Construction Hearing | July 15, 2025 at 10:00a.m. in Courtroom 3B, United States Courthouse, 601 Market Street, Philadelphia, PA |
| Substantial Completion of Document Production | August 15, 2025 |
| Deadline to Amend or Supplement the Pleadings, Including by Joining Additional Parties and/or Asserting Additional Patents | September 19, 2025 |
| Completion of Fact Discovery | November 14, 2025 |
| Plaintiffs Serve Final Infringement Contentions; Defendants Serve Final Invalidity Contentions | December 5, 2025 |

| Opening Expert Reports for the Party with the Initial Burden of Proof on the Subject Matter | January 30, 2026 |
| --- | --- |
| Rebuttal Expert Reports | March 27, 2026 |
| Reply Expert Reports | May 8, 2026 |
| Close of Expert Discovery | July 10, 2026 |
| Deadline to file Daubert Motions | July 24, 2026 |
| Plaintiffs Provide to Defendants a Draft Joint Pretrial Order | August 3, 2026 |
| Defendants Provide to Plaintiffs a Response to Plaintiffs' Draft Joint Pretrial Order | August 24, 2026 |
| Submission of Joint Proposed Pretrial Order | September 11, 2026 |
| Pretrial Conference | September 16, 2026 at 10:00a.m. in Courtroom 3B, United States Courthouse, 601 Market Street, Philadelphia, PA |
| Trial Begins | October 5, 2026 at 9:00a.m. Location to be discussed. Maximum five-day trial. |

ME1 49523789v.1